UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ANN MOORE,<br><br>         Plaintiff,<br><br>v.<br><br>DANIEL MOORE, et als.,<br><br>         Defendants. | Case No.: 3:21-cv-1023-GPC(WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br>**[Dkt. No. 2]**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**<br>**[Dkt. No. 3]** |

On May 28, 2021, Plaintiff Barbara Ann Moore, proceeding pro se, filed a form complaint against Defendants Daniel Moore, San Diego County, Johnson and Johnson Corporate Headquarters ("Johnson and Johnson"), Arnold & Itkin Law Firm, Cox Corporate Headquarters, US Postal Headquarters, GEICO, Esurance Ins., Palmotto GBA, Defense Logistics Agency, Prisoner Transportation Services, and Diane K Morales.

1

(Dkt. No. 1.) She also filed a motion to proceed in forma pauperis and motion for appointment of counsel. (Dkt. Nos. 2, 3.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the action for failure to state a claim and DENIES the request for appointment of counsel.

## A. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed In Forma Pauperis ("IFP") pursuant to § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted a declaration reporting that she receives $830.00/month from disability benefits and $62.00/month in food stamps. (Dkt. No. 2 at 1-2.[2]) She has not been employed for the past two years. (*Id*. at 2.) Plaintiff owns a home with a value of around $8,000 and a 2006 Pontiac Vibe with a value of around $1,200. (*Id*. at 3.) She has expenses of around $1,010.00. (*Id.* at 4.) Because her expenses exceed her monthly income, the Court concludes that Plaintiff has demonstrated an inability to pay the filing fee and GRANTS Plaintiff's motion for leave to proceed IFP.

## B. Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*
[2] Page numbers are based on the CM/ECF pagination.

defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94-95 (1988).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount of controversy exceeds $75,000. 28 U.S.C. § 1332. "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Here, Plaintiff complains that Johnson and Johnson has conspired against her "with other organizations . . . to prevent payment of bad medication results." (Dkt. No. 1, Compl. at 9.) She alleges that Arnold & Itkins Law Firm has recovered funds to "pay out

a different case." (*Id*. at 3.) She asserts that GEICO, Prison Transportation Services, Diane K. Morales, Defense Logistics Agency, Esurance Ins., and Palmotto GBA have received and reported false information of her identity. (*Id.*) Plaintiff seeks damages and injunctive relief. (*Id.*) However, Plaintiff does not allege that the Court has federal question jurisdiction over this case.

Further, Defendants San Diego County, Esurance Ins., and Defense Logistics Age are alleged to be citizens of California. (*Id.* at 1-2.) Accordingly, because both Plaintiff and certain Defendants are citizens of the same state, Plaintiff fails to establish diverse citizenship.

Thus, because Plaintiff fails to assert federal question or diversity jurisdiction, the Court DISMISSES the complaint for lack of subject matter jurisdiction.

Additionally, under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiff has not asserted any cause of action and has not provided sufficient facts to support a plausible claim. Moreover, she fails to allege facts to support a claim as to each named Defendant the complaint. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming the dismissal of an amended complaint for failing to "state[] clearly how each and every defendant was alleged to have violated plaintiffs' legal rights.") Accordingly, the complaint fails to comply with Rule 8 and the Court additionally DISMISSES the complaint for failure to state a claim.

**C.     Request for Appointment of Counsel**

Plaintiff requests the appointment of counsel to assist her in prosecuting this civil action. (Dkt. No. 3.) Here, because the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief can be granted, the Court DENIES Plaintiff's request to appoint counsel as moot.[3]

## Conclusion

In sum, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the complaint for failure to state a claim and DENIES Plaintiff's request for appointment of counsel as moot. The Court GRANTS Plaintiff thirty (30) days from the date stamped on this order to file an amended complaint curing the deficiencies identified above.

**IT IS SO ORDERED.**

Dated:  June 3, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. Social Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).